UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MARIO DIAZ, et al.,

        Defendants.
                         /

NO. CR. 2:07-0248 WBS

ORDER RE: DEFENDANT JOSE VILLASEÑOR'S MOTION FOR SEVERANCE

----oo0oo----

        Defendant Jose Villaseñor is properly joined with twenty-five other defendants in a multi-count indictment charging violations of 21 U.S.C. § 841(a)(1) et seq. Because the other defendants contemplate various complex pretrial motions, they have persuaded the court to postpone the start of trial of the first group of defendants until September 21, 2010, which will be more than three years after the filing of the indictment in this case. Villaseñor does not wish to join in any of the pretrial motions, and demands to be tried immediately.

1

1          The question presented is whether one defendant's
2    desire for a speedy trial can be sufficient justification for a
3    severance under these circumstances.  The court concludes, under
4    applicable Ninth Circuit law, that it can.
5          The controlling case is <u>United States v. Messer</u>, 197
6    F.3d 330 (9th Cir. 1999).  There, the defendants, who had been
7    fugitives, were tried approximately 21 months after they were
8    arraigned.  The court acknowledged that the delay was necessary
9    to preserve the possibility of a joint trial with another
10   defendant, Saccoccia.  The court also acknowledged that the
11   appealing defendants never moved for a severance from Saccoccia.
12   Nevertheless, the court reversed the convictions on grounds of
13   the Speedy Trial Act, holding that the "sheer length of the
14   delay," coupled with defendants' "consistent assertions of their
15   right to a speedy trial," militated in favor of finding the delay
16   unreasonable.  <u>Id.</u> at 338-39.
17         Like the defendants in <u>Messner</u>, Villaseñor here has
18   consistently asserted his right to a speedy trial.  Moreover, the
19   "sheer length of the delay" here will be almost twice as long as
20   the delay between arraignment and trial in <u>Messner</u>.  The
21   government seeks to distinguish <u>Messner</u> on the ground that the
22   delay in bringing Saccoccia to trial in that case resulted from
23   the government's decision to try him first in Rhode Island.  The
24   court sees this distinction as insignificant.  It was not the
25   reason for the delay but the length of the delay and the
26   defendants' demands for a speedy trial that occasioned the
27   reversal in <u>Messner</u>.
28         The government also seeks to distinguish <u>Messner</u> on the

ground that the court found actual prejudice to the defendants resulting from the delay there.  Although it is impossible to predict what evidence or other trial opportunities might be lost to Villaseñor as a result of delaying his trial for another year, the fact that, unlike some of the other defendants, he is not at liberty on bond does work to his prejudice here.

For the foregoing reasons, defendant Jose Angel Villaseñor's motion for severance is hereby GRANTED, and the trial on the charges against him is hereby set to commence at 9:00 a.m., on October 27, 2009.  The matter is set for trial confirmation hearing at 8:30 a.m., on October 13, 2009.

IT IS SO ORDERED.

DATED:  October 1, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE