FILED

OCT 30 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:07-cr-0248 WBS |
| Plaintiff, | |
| v. | [PROPOSED] ORDER GRANTING THE GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER |
| JOSE ANGEL VILLASENOR | [Fed. R. Crim. P. 16(d)(1)] |

The United States of America has applied to this Court for an order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order governing disclosure and use of certain, identified documents. The specific subject of the government's motion is (1) a plea agreement for a government witness scheduled to testify in the trial of defendant Jose VILLASENOR ("VILLASENOR") (currently subject to this Court's sealing order), (2) a transcript of a Rule 11 guilty plea colloquy for a government witness scheduled to testify in this same trial (currently subject to this Court's sealing order), and (3) material protected by the Jencks Act for the same government witness (collectively referred to as "The Protected

1

Material").

The Court finds that the United States has shown good cause under Rule 16(d)(1) to prohibit public disclosure and widespread dissemination of The Protected Material in this case. Specifically, the Court finds that public disclosure and widespread dissemination of The Protected Material could (1) jeopardize the lives of cooperating defendant(s), witness(es), and their families, (2) present a particular danger of perjury, witness intimidation, or retaliation against government witnesses in connection with the scheduled September 2010 trial of five co-defendants in this case, (3) alert targets of the FBI's ongoing criminal investigation in this case who were not already indicted, and (4) render moot this Court's sealing orders protected two of the items contained in The Protected Material (a plea agreement and transcript of the guilty plea for the government witness in this case).

Therefore, IT IS HEREBY ORDERED THAT pursuant to Federal Rule of Criminal Procedure 16(d)(1):

1.  Counsel for defendant Jose VILLASENOR ("VILLASENOR") shall not give The Protected Material, as defined in this Order, to any person other than counsel's staff assisting her in the present trial. The term "staff" shall explicitly include the paralegal assisting counsel for VILLASENOR in the present trial and exclude any other defendant in this multi-defendant case, any other counsel for the other defendants in this case, or any other person other than those specifically described in this paragraph.

2. Any person receiving access to The Protected Material from counsel for VILLASENOR shall be bound by the same obligations as defense counsel and, further, may not give The Protected Material to anyone (except that The Protected Material shall be returned to counsel, see, infra).

3. Counsel for VILLASENOR shall maintain a list of persons to whom any portions or copies of The Protected Material has (or have) been given. Such persons shall be provided with a copy of this Order and shall sign a copy of the Order and agree to be bound by the Order and note that they understand its terms and agree to them by signing.

4. Counsel for VILLASENOR may use any and all of the Protected Materials in the vigorous defense of her client in the instant case in any manner she deems essential to adequately represent her client (i.e., in motions that are filed under seal, if necessary, in ex-parte applications as may be needed, and as evidence, as may be needed), consistent with this protective Order. In the event defense counsel needs to use The Protected Materials in a manner not authorized under the this protective order, she shall be entitled to seek to have the order amended in order to meet her obligations under the Sixth Amendment to the United States Constitution.

5. Within twenty (20) days of the finality of the instant case, as determined under the Federal Rules of Criminal

Procedure and case law from the Ninth Circuit Court of Appeals and the United States Supreme Court, counsel for VILLASENOR shall return any and all copies of The Protected Material to the government's attorney and so certify to the government's attorney.

6. Any and all copies of The Protected Material that may have been made by defense counsel or her staff shall remain in the possession of the person defense counsel entrusted to them until the case terminates at the District Court level. Thereafter, within 20 days of either sentencing, or some other order terminating the jurisdiction of the District Court, each person to whom defense counsel entrusted a copy of any of The Protected Material must return them to defense counsel and she, in turn, shall return them to the government's attorney within 30 days of the case becoming final in the District Court. Defense counsel shall return the materials in accordance with paragraph 4, above.

**IT IS SO ORDERED.**

DATED: 10/30/2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT COURT JUDGE
EASTERN DISTRICT OF CALIFORNIA

4