UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JOSE ANGEL VILLASENOR,<br><br>Movant. | No.  2:07-cr-0248 WBS DB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant Jose Angel Villasenor is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Movant challenges his May 27, 2010 conviction and sentence on one count of conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine and at least 5 kilograms of cocaine and marijuana, and two counts of use of a telephone (on May 15 and 20, 2007) to facilitate the drug trafficking conspiracy.  He seeks post-conviction relief on the following grounds: (1) he is factually innocent because the trial court, and not the jury, found facts that increased his statutory mandatory minimum sentence; and (2) his conspiracy conviction is not supported by sufficient evidence.  Upon careful consideration of the record and the applicable law, the court recommends that movant's § 2255 motion be denied.

---

[1] This motion was assigned, for statistical purposes, the following civil case number: No. 2:13-cv-2142 WBS-DB.

## I. Background

On June 24, 2009, a Grand Jury returned a fifty-one count Second Superseding Indictment against Villasenor and numerous other co-defendants. ECF No. 1325-3 at 31-62. The Indictment charged Villasenor in Count One with a conspiracy from August 11, 2005, through June 27, 2007, to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Id. Counts thirty-five and thirty-six charged Villasenor with the use of a telephone to facilitate the drug trafficking conspiracy, in violation of 21 U.S.C. § 843(b). Id. Trial commenced on October 27, 2009. ECF No. 481. On November 12, 2009, the jury found Villasenor guilty on all three counts. ECF No. 1325-2 at 2-4. On May 17, 2010, the trial court sentenced Villasenor to 240 months in prison on Count One and a concurrent term of 48 months in prison on Counts Thirty-five and Thirty-six, for a total term of 240 months in prison. ECF No. 577. The court also imposed 60 months of supervised release and a special penalty assessment of $300. Id.

Villasenor filed a notice of appeal on May 17, 2010. ECF No. 572. One of his appellate claims was that the evidence was insufficient to support his conviction on the conspiracy charge. He argued that while he was charged in the Indictment with participation in a "single conspiracy," the evidence at trial actually showed the existence of two separate conspiracies. Ninth Circuit Case No. 10-10273, DktEntry 17, at 34. Villasenor contended there was no evidence he participated in one of these two conspiracies; therefore, he could not be convicted of the "single conspiracy" charged in the Indictment. Id. at 34-42. The Ninth Circuit rejected Villasenor's claim of insufficient evidence, reasoning as follows:

> Villasenor contends on appeal that the evidence at trial proved the existence of two separate conspiracies – one in California and one in Ohio – but that Villasenor had no knowledge of or participation in the Ohio conspiracy and so could not have been convicted of participating in the combined conspiracy. This is contradicted by the testimony at trial. Villasenor's co-conspirator, Mario Diaz, testified that Villasenor sold Diaz a car with a hidden compartment for transporting drugs. When Villasenor asked Diaz why Diaz wanted the car, Diaz testified: "I told [Villasenor] that I need a reliable, dependent car for long distance *because I wanted it to travel out of state.*" Thus, there was sufficient evidence to show that Villasenor knowingly participated in an out-of-state drug distribution ring. Based on this evidence, and granting all

> reasonable inferences to the government, *see United States v. Stanton*, 501 F.3d 1093, 1100 (9th Cir. 2007), the jury could have reasonably inferred that Villasenor and Diaz engaged in the single, multi-state conspiracy of which he was convicted.

ECF No. 1113 at 2-3 (italics in original).

Movant filed his § 2255 motion in this court on October 15, 2013.  ECF No. 1265.  Respondent filed an answer on September 26, 2014.  ECF No. 1325.  Movant did not file a traverse.

**II.  Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).  To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle

/////

him to relief.  Id.  Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).

**III.  Movant's Claims**

Villasenor raises four grounds for federal habeas relief.  Those grounds are stated, in full, as follows:

**GROUND ONE:**  Sixth Amendment Issue: Factual Innocence.  The Judge found facts that increased a statutory mandatory minimum sentence by a preponderance of the evidence.  Specifically, no trial testimony or evidence at trial corroborated any exchange of drugs, except for five (5) pounds of marijuana.

**GROUND TWO:**  Sixth Amendment Issue: Factual Innocence.  The Judge found facts that increased a statutory mandatory minimum sentence by a preponderance of the evidence.  No evidence was presented at trial that indicated Mr. Villasenor had any involvement with the sale, packing, or anything else to do with the Diaz Drug Trafficking Organization in Ohio.

**GROUND THREE:**  Sixth Amendment Issue: Factual Innocence.  The Judge found facts that increased a statutory mandatory minimum sentence by a preponderance of the evidence.  No evidence was presented (paperwork) showing Villasenor owned the Mazda vehicle or had anything to do with the execution of planning the sales; nor the actual sales that occurred in Ohio or anywhere else with the Mazda.

**GROUND FOUR:**  Sixth Amendment Issue: Factual Innocence.  The Judge found facts that increased a statutory mandatory minimum sentence by a preponderance of the evidence.  No trial testimony or evidence was presented that Villasenor was an integral, active member of the Diaz Drug Trafficking Organization, or was ever seen with any of the co-defendants, including Mr. Diaz.

ECF No. 1265 at 4-8.

The court will construe the allegations in movant's four grounds for relief, in part, as a claim that the evidence introduced at his trial is insufficient to support his conspiracy conviction. However, Villasenor raised this claim on appeal.  Claims previously raised on appeal "cannot be the basis of a § 2255 motion."  United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985).  See

1  also Davis v. United States, 417 U.S. 333, 342 (1974) (issues determined in a previous appeal are
2  not cognizable in a § 2255 motion absent an intervening change in the law); United States v.
3  Currie, 589 F.2d 993, 995 (9th Cir. 1979) ("[i]ssues disposed of on a previous direct appeal are
4  not reviewable in a subsequent § 2255 proceeding" and "the fact that the issue may be stated in
5  different terms is of no significance").

6        In addition, claims challenging the sufficiency of the evidence at trial are not cognizable
7  by way of § 2255 motions.  See United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010)
8  (movant's "evidence-based" claim that "called into doubt the overall weight of the evidence
9  against him" was not cognizable in § 2255 motion); see also Barkan v. United States, 362 F.2d
10 158, 160 (7th Cir. 1966) ("[A] collateral proceeding under section 2255 cannot be utilized in lieu
11 of an appeal and does not give persons adjudged guilty of a crime the right to have a trial on the
12 question of the sufficiency of the evidence or errors of law which should have been raised in a
13 timely appeal."); United States v. Collins, No. C 97-1854 SI, 1999 WL 179809, at *12 (N.D. Cal.
14 Mar. 25, 1999) ("The insufficiency of the evidence is not a cognizable attack under section
15 2255.")  Even if a claim of insufficient evidence is properly before this court, it should be denied.
16 The Ninth Circuit has already concluded that the evidence introduced at Villasenor's trial was
17 sufficient to support the jury verdict against him on the conspiracy charge.

18       Movant also complains that the trial judge "found facts that increased a statutory
19 mandatory minimum sentence by a preponderance of the evidence."  ECF No. 1265 at 4-8.  In
20 Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151 (2013), the Supreme Court held that the
21 Sixth Amendment right to trial by jury requires a jury to determine facts that increase a
22 mandatory minimum sentence.  However, the Alleyne decision does not provide movant with a
23 basis for relief because it is not retroactively applicable to cases on collateral review.  The Ninth
24 Circuit has concluded that Alleyne does not apply retroactively to cases that became final before
25 that decision was announced.  See Hughes v. United States, 770 F.3d 814, 818-19 (9th Cir. 2014);
26 In re Mazzio, 756 F.3d 487, 491 (9th Cir. 2014).  See also Broussard v. United States, No. 1:03-
27 CR-05054, 2014 WL 3530003, at *4 (E.D. Cal. July 15, 2014) (noting that district courts in the
28 Ninth Circuit have "uniformly" concluded that the decision in Alleyne is not retroactive, and

1  citing cases); Jackson v. United States, Nos. 5:11-CR-00231-F-1, 5:13-CV-00284-F, 2014 WL
2  4060270, at *4 (E.D.N.C. Aug. 14, 2014) (motion to amend §2255 motion to add claim based on
3  Alleyne denied because Alleyne not retroactive to cases on collateral review).  Accordingly, any
4  claim that the trial judge violated the Sixth Amendment by finding facts that increased his
5  statutory mandatory minimum sentence is not cognizable in the instant motion.

6  　　　　As set forth above, Villasenor also claims "factual innocence."  To the extent movant is
7  claiming he is "innocent" because the evidence was insufficient to support his conviction or
8  because the trial judge, and not the jury, found facts that increased his statutory minimum
9  sentence, for the reasons set forth above those claims should be denied.

10  　　　　Movant may be attempting to raise a "freestanding" claim of actual innocence – i.e., that,
11  despite the lack of any constitutional error at his trial, his incarceration is unconstitutional due to
12  his actual innocence of the crimes for which he was convicted.  The United States Supreme Court
13  has, on several occasions, assumed without expressly deciding, that a "freestanding" claim of
14  actual innocence is cognizable on federal habeas review.  See House v. Bell, 547 U.S. 518, 554–
15  55 (2006); Herrera v. Collins, 506 U.S. 390, 417 (1993).  The Ninth Circuit has also assumed that
16  freestanding actual innocence claims are cognizable on collateral attack.  See e.g., Berry, 624
17  F.3d at 1038 n. 5 ("This circuit recognizes a claim of actual innocence that is cognizable under §
18  2255."); Carriger v. Stewart, 132 F.3d 463, 476–77 (9th Cir.1997) (en banc).  However, the
19  standard of proof applicable in establishing that one is entitled to relief on an actual innocence
20  claim is "'extraordinarily high.'"  Carriger, 132 F.3d at 476 (quoting Herrera, 506 U.S. at 417).
21  In order to prevail, a petitioner "must go beyond demonstrating doubt about his guilt, and must
22  affirmatively prove that he is probably innocent."  Id.  See also Cooper v. Brown, 510 F.3d 870,
23  923 (9th Cir. 2007) ("Under these standards, a petitioner must affirmatively prove that he is
24  probably innocent."); Boyde v. Brown, 404 F.3d 1159, 1168 (9th Cir. 2005) (same).

25  　　　　Keeping in mind the demanding showing required, the undersigned finds that movant has
26  failed to show he is probably innocent of the crimes for which he was convicted.  Clearly
27  movant's unsupported statement that he is innocent, without more, fails to meet the high
28  /////

standards to prevail on an actual innocence claim. Accordingly, he is not entitled to relief under § 2255 on a claim of actual innocence.

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:13-cv-2142 WBS-DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: September 26, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:8
Villasenor248.2255
ddb1:prisoner-habeas