UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSE ANGEL VILLASENOR,<br><br>        Defendant. | CR. NO. 2:07-00248-18 WBS<br><br><u>ORDER RE: MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)</u> |

----oo0oo----

Before the court is defendant Jose Angel Villasenor's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)"). (Def.'s Mot. (Docket No. 1501).) The government opposes defendant's Motion. (Gov't Opp'n (Docket No. 1511).)

On November 12, 2009, a jury found defendant guilty on

1

one count of conspiracy to distribute and possess with intent to distribute at least fifty grams of methamphetamine and at least five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 846, and two counts of use of a communication facility for the purpose of drug trafficking in violation of 21 U.S.C. § 843(b). (Docket No. 502.) Defendant's Guidelines sentencing range, based on an offense level of 38 and a criminal history category of I, was 235 to 293 months in prison. (Presentence Report 2a.) On May 17, 2010, the court sentenced defendant to 240 months in prison. (Docket No. 577.) Defendant's appeal of his conviction was subsequently denied by the Ninth Circuit. United States v. Villasenor, 484 F. App'x 175 (9th Cir. June 15, 2012), cert. denied, 133 S.Ct. 493 (2012).[1]

Defendant now seeks to reduce his sentence to 193 months pursuant to section 3582(c)(2) and Amendment 782.[2] Section 3582(c)(2) allows a federal court to "modify a term of imprisonment" where "a defendant [was] sentenced . . . based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(2).

---

[1] Defendant also filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that he was factually innocent and that his conspiracy conviction was not supported by sufficient evidence. This court adopted the magistrate judge's findings and recommendation that the motion be denied on November 4, 2016. (Docket No. 1450.)

[2] Defendant's Motion on page one requests a new sentence of 188 months, though the rest of the Motion requests a sentence of 193 months, or 5 months above the low end of the amended Guidelines range, corresponding with the court's original sentence of 240 months, or 5 months above the low end of the original Guidelines range. Thus, it appears that the 188 month figure is a typo.

The United States Supreme Court held in Dillon v. United States, 560 U.S. 817 (2010) that section 3582(c)(2) involves "a two-step inquiry." Id. at 826. "A court must first determine that a reduction is consistent with [the policies set forth in] § 1B1.10" of the Guidelines ("section 1B1.10"). Id. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 827.

With respect to step one, the government concedes, and the court finds, that Amendment 782 reduced defendant's total offense level to 36 and his Guidelines sentencing range to 188 to 235 months and that a sentence reduction would be consistent with section 1B1.10. (Govt Opp'n 10.)

With respect to step two, however, the government asks that the court exercise its discretion to deny defendant's Motion, noting that defendant: (1) participated in a drug conspiracy of "massive scale," (see id. at 10-11 (noting that defendant was involved in trafficking "multiple pounds of methamphetamine and kilograms of cocaine")); (2) "operat[ed] at the highest levels of [the] conspiracy," (see id. at 11 (noting that defendant "used sophisticated coded language to discuss drug trafficking")); and (3) "failed to take responsibility for his crimes," exercising his right to a jury trial (see id.; see also Villasenor, 484 F. App'x at 176-77 (defendant's arguments on appeal challenging, inter alia, the sufficiency of the evidence underlying his conviction); Mot. Vacate (claiming factual

3

innocence and insufficiency of the evidence).)

Considering all of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), some of the concerns expressed by the government cause the court to conclude that a full reduction to 5 months above the low end of the adjusted Guidelines range would not be appropriate. Having reviewed the entire record, the court finds that a new sentence of 228 months to be sufficient but not greater than necessary to satisfy all of the relevant sentencing factors in light of the Guidelines after Amendment 782.

IT IS THEREFORE ORDERED that defendant's Motion for sentence reduction pursuant to § 3582(c)(2) (Docket No. 1501) be, and the same hereby is, GRANTED IN PART. Defendant's sentence shall be reduced to 228 months. All other provisions of the Judgment shall remain in effect.

Dated: May 17, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE